BAKER AND RANNELLS, PA
92 East Main St., Suite 302
Somerville, New Jersey 08876
Tel: (908) 722-5640
Attorneys for Plaintiff
ACLC, Inc. a/k/a Calandra Enterprises

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
ACLC, INC., d/b/a CALANDRA          :
ENTERPRISES                         :
                                    :
                                    :  **Civil Action No. _____**
            Plaintiff,              :
                                    :
      v.                            :  **COMPLAINT**
                                    :
JACK CALANDRA,                      :
                                    :
            Defendant.              :
_____:

Plaintiff, ACLC, Inc. d/b/a Calandra Enterprises (hereinafter "Calandra" or "Plaintiff"), by its attorneys, Baker and Rannells, PA, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

**THE PARTIES**

1. ACLC, Inc. d/b/a Calandra Enterprises is a New Jersey corporation organized and existing under the laws of the State of New Jersey having a principal place of business located at 234 – 240 Bloomfield Ave., Caldwell, New Jersey 07006. Calandra is the owner of the trademarks and service marks at issue in this action.

2. Jack Calandra (hereinafter, "Defendant") is an individual residing in the State of New

1

Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

's Pizza" restaurant located at 322 Orange Road, Montclair, New Jersey 07042 (hereinafter, the "Offending Trade Name" or "Calandra's Pizza").

3. On information and belief, Defendant is the sole owner of Calandra's Pizza and dominates and controls the business activities of Calandra's Pizza, including the business activities hereinafter alleged. Defendant personally directed and participated in the wrongful acts alleged herein.

4. Defendants (a) is doing business in the State of New Jersey; (b) has transacted business within the State of New Jersey and this judicial district; and (c) has committed tortious acts within the State of New Jersey by infringing Calandra's trademarks and service marks within the State of New Jersey and this judicial district.

## NATURE OF THE ACTION

5. This is an action for trademark and trade name infringement, false designation of origin, dilution and unfair competition in violation of the laws of the United States and the State of New Jersey. Calandra's seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Calandra's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and common law of the State of New Jersey.

7. Venue is properly founded in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## CALANDRA'S TRADEMARKS AND SERVICE MARKS

Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

through its affiliated companies is engaged in the manufacture, distribution and sale in interstate commerce of high quality Italian foods, including pizza, pasta, pasta sauces, breads and bakery goods, among other things. These goods are sold throughout New Jersey, New York and Pennsylvania, including to more than 300 supermarkets and delis.

9. Luciano Calandra began making and selling bread in 1960 from his small Newark Bakery, Calandra's Bakery. Since then the business has expanded into a 50,000 square foot operation, with a second bakery in Fairfield. In 1986 the Calandra family built the Best Western Fairfield Executive Inn with the "Cucina Calandra" restaurant and lounge. In 2008 the Calandra family opened the "Calandra's Italian Village" in Caldwell, New Jersey, an 18,000 square foot space a third Calandra bakery, a Calandra restaurant and lounge, a café, a gelateria, a wine store and a deli market, all of which highlight the Calandra line of goods. Calandra's bread is the official bread of Met Life Stadium at the Meadowlands in East Rutherford, New Jersey. Calandra's products have been widely advertised, offered for sale and sold throughout New Jersey, Pennsylvania and New York under its CALANDRA and CALANDRA'S trademarks and service marks (collectively, the "Calandra Marks" or "Marks"). The Marks have at all times been owned exclusively by Plaintiff ACLC, Inc. d/b/a Calandra Enterprises.

10. Due to Calandra's exclusive and extensive use and promotion of the Marks, these marks have acquired enormous value and widespread recognition in New Jersey, New York and Pennsylvania. The Calandra Marks are well known to the consuming public and trade as identifying and distinguishing Calandra exclusively and uniquely as the source of the high quality products to which they are applied. The Calandra Marks are both distinctive and famous.

11. The Calandra Marks are the subject of the following registrations on the Principal

Trademark Office:

| Reg. No. | Mark(s) | Registration Date | Int'l Class(es) | Goods |
|---|---|---|---|---|
| 3,810,601 | CALANDRA'S | June 29, 2010 | 030 | Alimentary pasta; bakery goods; candy; coffee; flour; frozen confections; gift baskets containing candy; husked barley; ice cream; nougat; **pasta; pasta sauce; pizza; ravioli**; rice; sandwiches; tomato sauce; frozen prepared and packaged entrees consisting primarily of pasta or rice |
| 3,817,201 | CALANDRA'S | July 13, 2010 | 035 | Retail bakery shops; Retail shops featuring foods, beverages, wine, housewares and clothing |
| 3,817,202 | CALANDRA'S | July 13, 2010 | 043 | Bar and restaurant services; café and restaurant services; catering; delicatessens |
| 3,885,069 | CALANDRA | December 7, 2010 | 033 | Wines |

12. True copies of these registrations are annexed as Exhibit "A," and made a part hereof. These registrations are valid and subsisting and are in full force and effect. These Marks have at all times been owned exclusively by Plaintiff and have achieved incontestable status pursuant to 15 U.S.C. §1065.

**DEFENDANTS' WRONGFUL ACTIVITIES**

13. Without the approval of Plaintiff and long after the Calandra Marks became incontestable and famous, Defendant, in January, 2016, opened his "Amore Calandra's Pizza" restaurant and manufactured, distributed, offered for sale, and/or sold food products bearing the Calandra's name (hereinafter, the "Offending Products"). The Offending Products are directed and

4

ultimate consumers as are the Plaintiff's products.

14. The acts of Defendant in using the Calandra name in the name of his restaurant, and offering for sale and/or selling the Offending Products, (a) are likely to cause confusion and mistake among the consuming public that all such goods originate with Plaintiff, (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendant's restaurant with Plaintiff, (c) are likely to cause confusion and mistake among the consuming public that Defendant's goods are being offered to the consuming public with the sponsorship or approval of Plaintiff, and/or (d) are likely to, and does, dilute, tarnish and blur the distinctive quality of the Calandra Marks, and is diminishing and will destroy the public association of the Calandra Marks with Plaintiff.

15. The aforementioned acts of Defendant are willful and intentional, in that Defendant either knew that his use of "Calandra's" was identical and/or confusingly similar to the Calandra Marks, or willfully ignored such fact, and has done so in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of Defendant's restaurant and products, and to gain the benefit of the enormous goodwill associated with the Calandra Marks.

16. Any association of the Defendant and his restaurant and products with the Calandra Marks will harm the reputation of Plaintiff and the Calandra Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
**(TRADEMARK INFRINGEMENT)**

Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16 hereof as if fully set forth herein.

18. With full knowledge and awareness of the Plaintiff's ownership and prior use of the Calandra Marks, Defendant has willfully used, is using, and will continue to use the Offending Trade Name and Calandra Marks on identical or related goods in a manner that is likely to cause confusion, reverse confusion, or to cause mistake or deceive.

19. Defendant's acts constitute infringement, use of a confusingly similar mark, and use of a spurious mark which is confusingly similar to the Calandra Marks in violation of 15 U.S.C. §1114.

20. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### (FALSE DESIGNATION OF ORIGIN)

21. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 20 hereof as if fully set forth herein.

22. The aforementioned acts of Defendant constitute the use of a false designation of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

23. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### (FEDERAL AND STATUTORY TRADEMARK DILUTION)

leges each and every allegation set forth in paragraphs 1 through 23 hereof as if fully set forth herein.

25. The aforementioned acts of Defendant constitute trademark dilution in violation of 15 U.S.C. § 1125(c) and the New Jersey Trademark Act, 56:3 ó 13(a).

26. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
**(STATUTORY AND COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT AND UNFAIR COMPETITION)**

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 hereof as if fully set forth herein.

28. The aforementioned acts of Defendant constitute trademark and trade name infringement and unfair competition in violation of the New Jersey Trademark Act and common law of the state of New Jersey.

29. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

1. Preliminarily and permanently enjoining and restraining Defendant, its restaurant, respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

   a. imitating, copying or making unauthorized use of the Calandra Marks;

PDF Complete. Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy or colorable imitation of the Calandra Marks;

c.      using any unauthorized colorable imitation of the Calandra Marks, including, but not limited to "Calandra's" and the Offending Trade Name in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Plaintiff or to any goods sold, sponsored, approved by, or connected with Plaintiff;

d.      using any unauthorized colorable imitation of the Calandra Marks, including, but not limited to "Calandra's" or the Offending Trade Name, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute the distinctive quality of the Calandra Marks;

e.      engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of the Calandra Marks or of Plaintiff's rights in, or its right to use or exploit such Marks, or constituting dilution of the Calandra Marks and the reputation and the goodwill associated with those Marks;

f.      making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of Plaintiff, or that is false or misleading with respect to Plaintiff; and

8

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features

other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Calandra Marks, or the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(g) above.

2. Directing that Defendant deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, wrappers, receptacles and advertisements in its possession, custody or control bearing resemblance to the Calandra Marks (including, but not limited to the designation "Calandra's" or the Offending Trade Name) and/or any reproductions, copies or colorable imitations thereof.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the restaurant and any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendant is authorized by Plaintiff or is related to or associated in any way with Plaintiff's products.

4. Awarding Plaintiff all remedies as provided by 15 U.S.C. §§ 1114, 1116, 1117 and 1125.

5. Awarding Plaintiff its costs and reasonable attorneys and investigatory fees and expenses, together with prejudgment interest.

6. Awarding Plaintiff such other and further relief as the Court deems just and proper.

9



BAKER AND RANNELLS, PA

By: /s/ Stephen L. Baker
    Stephen L. Baker
    Jesús M. Vázquez
    Attorneys for ACLC, Inc. d/b/a Calandra Enterprises
    92 East Main St., Ste. 302
    Somerville, New Jersey 08876
    (908) 722-5640